

STATE OF INDIANA ) IN THE ALLEN SUPERIOR COURT
) SS:
COUNTY OF ALLEN ) CAUSE NO:

AARON M. COWANS, ) 02D03-16 -CT-000133
)
Plaintiff, )
)
v. )
)
PRIMCO, INC. )
)
Defendant. )

## COMPLAINT FOR DAMAGES

Plaintiff, Aaron M. Cowans ("Cowans"), by counsel, for his causes of action against the Defendant, Primco, Inc. ("Primco"), states and alleges as follows:

### I. INTRODUCTION

1. This lawsuit arises from Cowans' termination from employment by Primco on or about July 13, 2015. Cowans maintains that Primco terminated him in retaliation for getting injured on the job and seeking to exercise his rights to benefits under the Indiana Worker's Compensation Act. Cowans also maintains that Primco violated his rights under the Americans with Disability Act ("ADA"). Cowans seeks all appropriate legal and equitable relief including back pay, front pay, compensatory damages, punitive damages and attorney's fees and costs.

### II. PARTIES

2. Cowans is an individual citizen and resident of Decatur, Adams County, Indiana.

3. Primco is a corporation organized and existing under and by virtue of the laws of the State of Indiana with its principal place of business located in Fort Wayne, Allen County, Indiana.

## III. JURISDICTION AND VENUE

4. This Court has both personal and subject matter jurisdiction because this lawsuit involves a state law and a federal law that provides for concurrent jurisdiction and the parties are citizens of the State of Indiana.

5. Allen County is the appropriate venue because it is the county where Primco has its principle place of business and because Cowans was employed and terminated in Allen County.

## IV. FACTS

6. Cowans was employed by Primco as a Laborer.

7. Primco is a construction business specializing in paving and bridgework.

8. Primco's principle place of business is located at 7107 Smith Road, Fort Wayne, Allen County, Indiana 46809.

9. On or about September 22, 2014, Cowans sustained an injury to his lower back within the course and scope of his employment with Primco.

10. As a result of the work-related injury, Cowans was off work for medical treatment from September 22, 2014 through July 9, 2015.

11. On July 9, 2015, Dr. Robert Shugart ("Dr. Shugart") opined that Cowans was at maximum medical improvement and that he could return to work with no pushing/pulling over 70 pounds, occasional lifting of 80 pounds, frequently lifting of 40 pounds, and constant lifting of 15 pounds.

12. On July 9, 2015, Cowans notified Primco that Dr. Shugart had cleared him to return to work with the above-described restrictions.

2

13. During his conversation with Primco on July 9, 2015, Cowans inquired with Primco about returning to work and stated that he wanted to return to work but Cowans was told that someone from Primco would have to get back to him.

14. On July 13, 2015, Primco notified Cowans that it had to "let him go" because it did not any jobs available that he could physically perform.

15. The work restrictions assigned to Cowans on July 9, 2015 would not have precluded Cowans from performing the essential functions of his job as a Laborer.

16. Even if the work restrictions were outside those of the Laborer position, something Cowans disputes, he could have still performed the Laborer position had Primco provided some minor accommodations but Primco refused to talk with Cowans about its ability to provide him reasonable accommodations.

17. Despite Cowans' request to return to work, Primco ignored Cowans.

18. Primco, at the time, had work available as a Driver, which Cowans was qualified for and that was well within the work restrictions, yet, Primco never offered that work to Cowans, let alone talk to him about its ability or inability to provide reasonable accommodations.

19. On or about August 26, 2015, Cowans filed a Charge of Discrimination, EEOC Number 24D-2015-00438. A copy of the Charge of Discrimination is attached as **Ex. 1**.

20. On February 4, 2016, the EEOC issued Cowans a notice of rights. A copy of the notice of rights letter is attached as **Ex. 2**.

## V. STATEMENT OF CLAIMS

### COUNT I – *Frampton* Retaliatory Discharge Claim

21. Cowans incorporates by reference paragraphs 1 through 20 as if same were fully set forth herein.

22. Cowans contends that he was terminated because he sustained, reported, pursued and/or sought to exercise his rights to worker's compensation benefits.

23. Prior to getting injured on the job, Cowans had a satisfactory work record.

24. After Cowans got injured on the job, he was told by co-workers that Primco fires employees who get injured on the job and collect worker's compensation benefits.

25. After Cowans got injured on the job, he was told by co-workers that a Foreman at Primco was accusing Cowans of faking his injury, exacerbating his symptoms and "cheating Primco and work comp".

### COUNT II – ADA VIOLATIONS

26. Cowans incorporates by reference paragraphs 1 through 25 as if same were fully set forth herein.

27. Primco regarded Cowans as having a disability based upon the work restrictions that had been assigned to him by Dr. Shugart.

28. Cowans was qualified to perform his job.

29. Cowans informed Primco of his work restrictions and requested to return to work.

30. At the time Cowans requested to return to work, Primco regarded Cowans as being disabled due to his work restrictions.

31. Primco failed to provide Cowans with reasonable accommodations.

4

32. Primco also failed to engage in an interactive process with Cowans to determine whether he could perform the essential functions of his job, whether he would need reasonable accommodations, and/or whether Primco had other work available for Cowans.

33. Cowans contends that Primco violated his rights under the Americans with Disabilities Act Amendments Act of 2008.

## VI. PRAYER FOR RELIEF

WHEREFORE, Aaron M. Cowans prays for the following relief:

1) Judgment in his favor;

2) An award of damages sufficient to compensate him for his losses including, but not limited to the following:

   a) front pay;

   b) back pay;

   c) compensatory damages to compensate him for his embarrassment, humiliation, and emotional distress;

3) Punitive damages;

4) Pre-judgment interest;

5) Costs of this action;

6) Reasonable attorney's fees; and

7) Any and all other relief appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, Aaron M. Cowans, hereby requests a trial by jury as to all issues so triable.

Respectfully submitted,

**THEISEN & ASSOCIATES, LLC**

*/s/ signature/*

John C. Theisen, #549-02
Nathaniel O. Hubley, #28609-64
810 South Calhoun Street, Suite 200
Fort Wayne, IN 46802
Telephone: 260-422-4255
*Attorneys for Plaintiff*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA<br>[X] EEOC | EC-0178-A15<br>24D-2015-00438 |

City of Fort Wayne Metro Human Relations Commission and EEOC
*State or local Agency, if any*

**Name** (Indicate Mr., Ms., Mrs.): Aaron M. Cowans
**Home Phone** (Incl. Area Code): (260) 223-3764
**Date of Birth**: 03-20-1989
**Street Address**: 951 Walnut Street, Decatur, IN 46733

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**: PRIMCO INC.
**No. Employees, Members**: 101 - 200
**Phone No.**: (260) 478-1548
**Street Address**: 7101 Smith Road, Fort Wayne, IN 46809

**DISCRIMINATION BASED ON** (Check appropriate box(es).):
[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 07-13-2015
Latest: 07-13-2015
[ ] CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I am a qualified individual who is perceived to be disabled by Primco Inc. On September 22, 2014, I was injured on the job. I was off of work, on worker's compensation, from September 22, 2014 until July 9, 2015. I notified my employer on July 9, 2015 that I was able to come back to work, with restrictions. On July 13, 2015, I was notified by my employer that they would have to "let me go" because they did not have any jobs available that I could physically do.

I believe I have been discriminated against based on a disability in violation of the American with Disabilities Act Amendments Act of 2008.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Aug 26, 2015
Date — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Aaron M. Cowans
951 Walnut Street
Decatur, IN 46733

From: Indianapolis District Office
101 West Ohio St
Suite 1900
Indianapolis, IN 46204

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 24D-2015-00438 | Michelle D. Ware, Enforcement Supervisor | (317) 226-5161 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Webster N. Smith,_
Director

FEB 0 4 2016
*(Date Mailed)*

Enclosures(s)

cc: Primco, Inc.
c/o Jason T. Clagg, Attorney
BARNES & THORNBURG LLP
110 East Wayne Street
Suite 600
Fort Wayne, IN 46802-3119

Attorney for Aaron M. Cowans
✓ Nathaniel O. Hubley, Esq.
THEISEN & ASSOCIATES, LLC
810 South Calhoun Street Suite 200
Fort Wayne, IN 46802

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

"Regarded as" coverage:

- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Enclosure with EEOC
Form 161 (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*